RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED Y-3
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. B
DATE 5-22-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
STX FITNESS, LLC AND           )
V FITNESS GROUP, LLC,          )
d/b/a WORK OUT WORLD           )
                               )
     Plaintiffs,               )
                               )
v.                             )
                               )
21ST CENTURY FAMILY            )
FITNESS, INC.                  )
                               )
     Defendant                 )
                               )
_____)
```



04cv11020 MEL

MAGISTRATE JUDGE Dein

**COMPLAINT**

1.  This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.) and related causes of actions under the laws of the Commonwealth of Massachusetts arising from the use by Defendant of the Plaintiffs' Federally Registered trademark "WOW!" Defendant is wrongfully using Plaintiffs' mark on its signs, advertisements and promotional materials for the sole purpose of deceiving health club consumers into believing that Defendant's business is affiliated with Plaintiffs' health clubs. Defendant's unauthorized use of Plaintiffs' mark on its signs, advertisements and promotional materials constitutes trademark infringement,

misappropriation of Plaintiffs' goodwill, and unfair competition under the Lanham Act and its local counterpart.

### THE PARTIES

2.  Plaintiffs STX Fitness, LLC and V Fitness Group, LLC, d/b/a Work Out World ("WOW"), are Massachusetts business organizations with principal places of business at 102 York Road, Mansfield, Massachusetts 02048.

3.  Plaintiffs own and operate several WOW health clubs in Massachusetts, including locations in Worcester and Waltham. Other WOW locations in Massachusetts include Norwood, Fall River, Methuen, Medford, Randolph and New Bedford.

4.  Defendant 21st Century Family Fitness Center, Inc. ("21st Century Fitness") is a Massachusetts corporation with a principal place of business at 412 Washington Street, Norwell, Massachusetts 02061. Upon information and belief, 21st Century Fitness operates health clubs in Shrewsbury, Worcester, Norwell, Newton and Framingham.

### JURISDICTION AND VENUE

5.  This is a civil action for injunctive relief and damages pursuant to the Lanham Act, 15 U.S.C. § 1051 <u>et seq.</u>, and the laws of the Commonwealth of Massachusetts.

6. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1114 and § 1125 and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant because it is a Massachusetts corporation doing business in Massachusetts.

8. Venue is proper under 28 U.S.C. § 1391(a).

### FACTS COMMON TO ALL COUNTS

9. WOW health and fitness centers are operated across the county and in Japan. Through its superb reputation, WOW has become well known by the general public and among persons engaged in or familiar with fitness centers.

10. Owners of WOW health clubs aggressively promote WOW's name and mark through a number of mediums including print advertising and WOW's internet site. WOW health clubs are widely known, recognized and referred to by members of the health club industry as well as the public as "WOW!"

11. In order to protect the integrity of its trade name, "WOW!", and to preserve the goodwill associated with it, Work Out World, Inc.[1] obtained a federal trademark registration on "WOW!", number 2,027,940. (A copy of the

---

[1] In 1995, Work Out World, Inc. assigned its rights to the trademark to Stephen P. Roma, who is now the managing member of WOW Licensing, LLC.

registration is attached hereto as Exhibit A). The service mark is a distinctively styled rendering of the word "WOW!" and is used in connection with virtually every aspect of WOW's business. WOW Licensing, LLC grants licenses to use and enforce the mark "WOW!"

12. Plaintiffs entered into Facility License Agreements with WOW Licensing, LLC, whereby they were given a right and license to use the Trademark "WOW!" in connection with the operation of their WOW health clubs in Massachusetts.

13. Pursuant to the License Agreements, Plaintiffs were also given the right to pursue claims for infringement of the mark "WOW!".

14. After entering into the License Agreements, Plaintiffs immediately began to use the name and mark WOW! and have continued and expanded upon that use up to the present time. Since long prior to the acts complained of herein, members of the health club industry, as well as consumers throughout Massachusetts, have recognized the name and mark "WOW!" as a trade name exclusively identifying WOW health clubs and as a service mark and trademark designating services or products of the highest quality originating exclusively from WOW health clubs.

4

15. Plaintiffs has expended substantial efforts and hundreds of thousands of dollars in promoting and advertising the "WOW!" mark in newspapers, magazines, billboards and in other promotional materials. Signs outside of all of Plaintiffs' health clubs, as well as all its advertising and promotional materials, bear the distinctive styled mark "WOW!"

16. Plaintiffs have generated substantial goodwill within the industry because their health clubs are premier fitness centers that offer superior customer service, a large selection of fitness equipment, facilities and programs, and the highest standards possible for clean and safe facilities and equipment, all at very competitive prices.

17. Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Worcester facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs. The infringing signs include several large signs on the front of the Worcester facility. The signs include the confusingly similar "WOW!" mark (photographs of the infringing signs are attached hereto as Exhibit B).

The Worcester facility is in direct competition with WOW health clubs. Defendant's use of the mark "WOW!" at its Worcester facility infringes upon and violates the rights of the Plaintiffs in the name and mark "WOW!"

18. Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Framingham facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs. The infringing material includes a large sign prominently located on the outside of the building of the Framingham facility. The sign includes the confusingly similar "WOW!" mark (photograph of an infringing sign is attached hereto as Exhibit C). The Framingham facility is in direct competition with WOW health clubs. Defendant's use of the mark "WOW!" at its Framingham facility infringes upon and violates the rights of the Plaintiffs in the name and mark "WOW!"

19. Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Shrewsbury facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used

on the signs, advertisements and promotional material of the Plaintiffs. The infringing material includes a large sign prominently displayed at the front of the Shrewsbury facility. The sign includes the confusingly similar "WOW!" mark (see Exhibit C for identical sign). The Shrewsbury facility is in direct competition with WOW health clubs. Defendant's use of the mark "WOW!" at its Shrewsbury facility infringes upon and violates the rights of the Plaintiffs in the name and mark "WOW!"

20. Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Newton facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs. Upon information and belief, the infringing material includes a large sign prominently displayed at the front of the Newton facility, which includes the confusingly similar "WOW!" mark. The Newton facility is in direct competition with WOW health clubs. Defendant's use of the mark "WOW!" at its Newton facility infringes upon and violates the rights of the Plaintiffs in the name and mark "WOW!"

21. Upon information and belief, 21st Century Fitness adopted the mark "WOW!" at its locations in Worcester, Framingham, Shrewsbury, Norwell and Newton with full knowledge of Plaintiffs' ownership of the name and mark "WOW!" and with the intention of misappropriating Plaintiffs' goodwill and confusing the consuming public.

22. Upon information and belief, James A. Hart, the Senior Vice President of Sales and Marketing of 21st Century Fitness, was directly involved in the infringing acts mentioned herein and adopted the mark "WOW!" on all of Defendant's promotional materials with full knowledge of Plaintiffs' ownership of the name and mark "WOW!" and with the intention of trading on the goodwill built up by Plaintiffs therein.

23. As a result of Defendant's infringing conduct, Plaintiff has sustained substantial lost profits.

## COUNT I
### Trademark Infringement
### 15 U.S.C. §1114(1); Section 32 Lanham Act

24. The allegations contained in paragraphs 1 through 23 are incorporated by reference herein.

25. Plaintiffs' and Defendant's services are similar and move through similar channels of trade to similar classes of consumers and Plaintiffs and Defendant are in competition with respect to those services.

26. Defendant's use of the mark "WOW!" on its signs, advertisements and promotional materials is so similar to Plaintiffs' name and mark "WOW!" as to likely cause confusion, mistake or deception as to the source or origin of Defendant's services in that the public and others are likely to believe that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW, all to Plaintiffs' irreparable harm.

27. Not only is confusion likely, it has actually occurred. There have been numerous instances of actual confusion in the recent past among Plaintiffs' customers and others concerning a possible relationship between WOW and Defendant.

28. Upon information and belief, 21st Century Fitness, by its acts, has willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiffs in their federally registered mark "WOW!" in violation of § 32 of The Lanham Act (15 U.S.C. § 1114) with the intention of deceiving and misleading the fitness community and public at large, and of wrongfully trading on the goodwill and reputation of WOW.

29. Upon information and belief, 21st Century Fitness is profiting from its unauthorized use of Plaintiffs'

trademarked name. Plaintiffs receive no compensation from Defendant.

30. Upon information and belief, by its tortious acts, 21st Century Fitness has caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' registered mark.

31. Plaintiffs have no adequate remedy at law.

## COUNT II
### Unfair Competition
### 15 USC § 1125(a); Section 43(a) the Lanham Act

32. The allegations contained in paragraphs 1 through 31 are incorporated by reference herein.

33. Defendant's unauthorized use of Plaintiffs' mark in its advertisement, which deceives WOW customers and others into believing that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW health clubs, is an unfair and deceptive trade practice.

34. It is also an unfair and deceptive trade practice for 21st Century Fitness to use the Plaintiffs' mark on its signs, advertisements and promotional materials to misappropriate Plaintiffs' good will.

35. 21st Century Fitness is profiting by using Plaintiffs' trademark, name recognition, and goodwill without Plaintiffs' authorization and without Plaintiffs receiving any compensation.

36. By its tortious acts, Defendant has caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' registered mark.

37. Plaintiffs have no adequate remedy at law.

### COUNT III
### Dilution under M.G.L. C. 110B

38. The allegations contained in paragraphs 1 through 37 are incorporated by reference herein.

39. Defendant's conduct described herein constitutes trademark dilution and has damaged Plaintiffs' business reputation in violation of M.G.L. c. 110B, § 12 (the Massachusetts Trademark Statute).

40. As a result of this conduct, Plaintiffs have suffered and will continue to suffer irreparable harm until Defendant is prevented from using Plaintiffs' mark and all infringing conduct is ceased through the issuance of an injunction.

41. Plaintiffs have no adequate remedy at law.

## COUNT IV
### Unfair Violations of M.G.L. C. 93A §11

42. The allegations contained in paragraphs 1 through 41 are incorporated by reference herein.

43. At all relevant times hereto 21st Century Fitness was engaged in trade or commerce.

44. Defendant's conduct, including its unauthorized, intentional use of Plaintiffs' mark in its advertisement, which deceives WOW customers and others into believing that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW health clubs, constitutes unfair violations of G.L. c. 93A, §11.

45. In addition it is also an unfair and deceptive trade practice for Defendant to use the Plaintiffs' mark on its signs, advertisements and promotional materials to misappropriate Plaintiffs' good will.

46. 21st Century Fitness' conduct, including its unauthorized, intentional use of the mark "WOW!" on its signs, advertisements and promotional materials with full knowledge of Plaintiffs' ownership of the name and mark "WOW!" and with the intention of misappropriating Plaintiffs' goodwill, constitutes willful and knowing violations of G.L. c. 93A, §11.

47.  21st Century Fitness also willfully and knowingly violated G.L. c. 93A, §11 by using the name and mark "WOW!" with the intention of deceiving consumers into believing that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW health clubs.

48.  Defendant is profiting by using Plaintiffs' trademark, name recognition, and goodwill without Plaintiffs' authorization and without Plaintiffs receiving any compensation.

49.  As a result of 21st Century Fitness' unfair and deceptive acts and practices, the Plaintiffs have suffered a loss of money and property, including substantial lost profits.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment from this honorable Court as follows:

1.  That the Defendant, their officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with, or on behalf of, Defendant, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    a.  using "WOW!" or any other name or mark similar to Plaintiffs' mark "WOW!" in connection with the advertising, promotion, offering or performance of health club services or the production of related publications;

    b.  holding themselves out as the owners of, or otherwise authorized to use the name and mark "WOW!" in connection with health club services;

    c.  performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or otherwise mislead the trade or public into believing that WOW and Defendant are one and the same or are in some way connected, or that WOW is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of WOW, or that the services of Defendant originate with WOW or are conducted or offered with the approval, consent or authorization, or under the supervision of WOW, or are likely in any way to lead the trade or the public to associate Defendant with WOW;

    d.  using any words, names, styles, titles or marks which create a likelihood of injury to the

business reputation of Plaintiffs, or likelihood of dilution of Plaintiffs' name and mark, "WOW!", and the goodwill associated therewith;

   e.   using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiffs' business and the goodwill appertaining thereto.

   2.   That judgment be entered on Counts I-IV for the Plaintiffs.

   3.   That Defendant be required to pay to Plaintiffs compensatory damages for the injuries sustained by Plaintiffs in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiffs' known rights as aforesaid.

   4.   That Defendant be required to account for and pay over to Plaintiffs as gains, profits and advantages since engaging in the infringing conduct.

   5.   That Defendant be required to deliver up for destruction all stationery, signs, advertisements, brochures, promotional materials and other written material which bear the name and mark "WOW!" or any other name or mark confusingly similar to Plaintiffs' "WOW!" mark with

all plates, molds, matrices and other means and materials for making or reproducing same.

6. That Defendant be required to pay to Plaintiffs all their litigation expenses including reasonable attorneys' fees and the costs, including expert fees, of this action

7. That Plaintiffs have other and further relief as this Honorable Court considers just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Plaintiffs
By their attorneys,

*/s/ Christopher J. Cunio*
Christopher J. Cunio, BBO # 634518
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
Tel. (617) 737-3100
Fax. (617) 737-0374

DATED: May 20, 2004

124833

16