**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STX FITNESS, LLC AND | ) |
| V FITNESS GROUP, LLC, | ) Civil Action No. |
| dba WORK OUT WORLD | ) 04-11020 (MEL) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) ***EX PARTE CONSIDERATION*** |
| 21ST CENTURY FAMILY | ) ***REQUESTED*** |
| FITNESS, INC. | ) |
| | ) |
|     Defendant | ) |
| | ) |

<u>**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**</u>
<u>**AND A PRELIMINARY INJUNCTION AGAINST**</u>
<u>**DEFENDANT 21ST CENTURY FAMILY FITNESS, INC.**</u>

Pursuant to Fed. R. Civ. P. 65(a) and (b), Plaintiffs
seek a Temporary Restraining Order and a Preliminary
Injunction pursuant to Mass. R. Civ. P. 65(a) and (b),
restraining and enjoining the Defendant, 21st Century Family
Fitness, Inc. ("21st Century Fitness"), and its employees
and agents, from using Plaintiffs' trademark "WOW!", or any
other name, mark, or symbol, confusingly similar to
Plaintiffs' "WOW!" mark on any of its signs, advertisement
or other promotional materials.  21st Century Fitness is
wrongfully, without authorization, using Plaintiffs' mark
for the sole purpose of deceiving health club consumers
into believing that Defendant's business is affiliated with

Plaintiffs' widely successful, well known chain of health clubs. Defendant's unlawful use of Plaintiffs' mark on its signs, advertisements and promotional materials constitutes trademark infringement, misappropriation of Plaintiffs' goodwill, and unfair competition under the Lanham Act and its local counterpart.[1]

### Facts

Plaintiffs own and operate several Work Out World ("WOW") health clubs in Massachusetts. WOW health and fitness centers are operated across the county and in Japan. They are widely known, recognized and referred to by members of the health club industry, as well as the public, as "WOW!" In order to protect the integrity of the trade name, "WOW!", a federal trademark registration on "WOW!" was obtained. The federally registered mark is a distinctively styled rendering of the word "WOW!" and is used in connection with virtually every aspect of WOW's business.

Plaintiffs has expended substantial efforts and hundreds of thousands of dollars in promoting and advertising the "WOW!" mark in newspapers, magazines, billboards and in other promotional materials. Signs

---

[1] Documents filed herewith are: Affidavit of Christopher J. Cunio, Esq., Affidavit of Anthony Beninati, Affidavit of Jaimie A. McKean, Esq., and Complaint (attached hereto as Exhibit A, B, C, and D respectively).

outside of all of Plaintiffs' health clubs, as well as all its advertising and promotional materials, bear the distinctive styled mark "WOW!"

Defendant 21st Century Fitness operates several health clubs in Massachusetts that are in direct competition with Plaintiffs' health clubs.  21st Century Fitness began using Plaintiffs' trademark "WOW!" without Plaintiffs' knowledge and authorization, on its signs, advertisements and promotional materials in a manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional materials of the Plaintiffs.  The infringing acts include the use of the distinctive styled mark "WOW!" on large signs located in prominent locations outside of all the Defendant's health clubs.

Defendant's use of the mark "WOW!" in connection with its signs and advertising is likely to cause confusion in the minds of the public in that the public believes that the Defendant's clubs are in some way endorsed, sponsored or licensed by or otherwise connected or affiliated with Plaintiffs' clubs.  In fact, there have been numerous instances of actual confusion among Plaintiffs' customers and others concerning a possible relationship between WOW and Defendant since Defendant began using the mark "WOW!"

on its signs and advertisements.  Moreover, it is **unlikely** that Defendant's use of the mark "WOW!" was innocent as it is a direct competitor of Plaintiffs and is aware of Plaintiffs' use the mark.  (See Exhibit C).

On May 10, 2004, Plaintiffs served Defendant with a cease and desist letter requesting that Defendant stop using the infringing mark on its advertisements and remove all infringing material from its facilities.  (See Exhibit 1 to Cunio Affidavit).  21st Century Fitness failed to respond to this letter in any manner, nor did it remove the infringing material from its health clubs.  As a result, Plaintiffs were forced to file the instant action.  Along with the Complaint, a second letter requesting that Defendant cease and desist their infringing actions was served upon the Defendant.  In that letter, Defendant was put on notice that if they failed to remove all infringing signs and material from their health clubs by May 25, 2004, Plaintiffs would be forced to obtain an injunction in Federal Court to stop their continued infringement.  (See Exhibit 2 to Cunio Affidavit).  Again, Defendant did not respond to this letter in any manner, nor did it remove any of the infringing signs from its health clubs. Consequently, Plaintiffs seek this Temporary Restraining Order and Preliminary Injunction to enjoin Defendant's

continued use of Plaintiffs' trademark on its signs,
advertisements and promotional materials, as well as costs
and fees.

## Argument

An ex parte Temporary Restraining Order is appropriate
where immediate and irreparable injury, loss, and damage
will result to Plaintiffs before the Defendant or its
attorney can be notified and heard in opposition to this
Motion.   Irreparable harm is presumed where there is a
showing of a substantial likelihood of confusion.  See
Boustany v. Boston Dental Group, Inc., 42 F. Supp.2d 100,
111 (D. Mass. 1999) (where plaintiff showed likelihood of
confusion, irreparable harm was presumed).  Here, not only
does a likelihood of confusion exist, but there is also
actual confusion.  There have been numerous instances of
actual confusion among Plaintiffs' customers and others
concerning a possible relationship between WOW and the
Defendant.  (See Exhibits B and C).  In addition, Defendant
has twice failed to respond to Plaintiffs' cease and desist
letters requesting that Defendant immediately stop using
the infringing mark on its advertisements.  Despite these
repeated requests, Defendant has failed to remove the
infringing signs and materials from its locations.  If
further delay is allowed so that Defendant's attorney can

be identified and notified, Plaintiffs' will continue to suffer irreparable harm. Thus, the Temporary Restraining Order is the only method to prevent the continued immediate and irreparable harm to the Plaintiffs.

Further, following a hearing on the request for a Preliminary Injunction, the Temporary Restraining Order should be converted into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved, because Plaintiffs are likely to prevail at the trial on the merits as to all counts; and Plaintiffs are currently suffering irreparable harm as a result of the Defendant's actions complained of. Plaintiffs are likely to prevail at the trial because they can show a substantial likelihood of confusion in that (1) Defendant's use of the "WOW!" is almost identical to the registered trademark "WOW!"; (2) Plaintiffs and Defendant are both fitness centers who market and advertise to the same consumers; (3) there is evidence of actual confusion (see Exhibit B); (4) Defendant knowingly and intentionally adopted Plaintiffs' mark (see Exhibit C); and (5) Plaintiffs' mark is a federally registered trademark that is well known and recognized exclusively as identifying WOW health clubs. See Boustany, 42 F. Supp.2d at 108 (discussing factors to be balanced in determining likelihood of confusion). The

facts supporting the Motion for Temporary Restraining Order are more fully set forth in the accompanying Affidavit of Christopher J. Cunio, Esq., Affidavit of Anthony Beninati, Affidavit of Jaimie A. McKean, Esq., and Complaint (attached hereto as Exhibit A, B, C, and D respectively).

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Enter immediately a Temporary Restraining Order restraining and enjoining the Defendant and all persons acting in concert with it (including, but not limited to any officer, employee, agent or other representative of Defendant) from directly or indirectly:

> a.     using "WOW!" or any other name or mark confusingly similar to Plaintiffs' mark "WOW!" in connection with the advertising, promotion, offering or performance of health club services or the production of related publications;

> b.     holding themselves out as the owners of, or otherwise authorized to use the name and mark "WOW!" in connection with health club services;

> c.     performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or otherwise mislead the trade or public into believing that WOW and Defendant are one and the same or are in some way connected, or that WOW is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of WOW, or that the services of Defendant originate with WOW or are conducted or offered with the approval, consent or authorization, or under the supervision of WOW, or are likely in any way to lead

the trade or the public to associate Defendant with WOW;

     d.   using any words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiffs, or likelihood of dilution of Plaintiffs' name and mark, "WOW!", and the goodwill associated therewith;

     e.   using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiffs' business and the goodwill appertaining thereto.

2.   Enter an order that Defendant be required to deliver up for destruction all stationery, signs, advertisements, brochures, promotional materials and other written material which bear the name and mark "WOW!" or any other name or mark confusingly similar to Plaintiffs' "WOW!" mark with all plates, molds, matrices and other means and materials for making or reproducing same.

3.   Continue the Temporary Restraining Order in full force and effect through and including a hearing before this Court on Plaintiffs' request for the entry of a preliminary injunction, and set such a hearing at a date convenient for the Court;

4.   Following the hearing on the request for a preliminary injunction, convert the Temporary Restraining Order into a Preliminary Injunction, to remain in effect until the merits of the parties' dispute are resolved;

5.   Grant Plaintiffs' such other and further relief
as the Court deems to be just and equitable under the
circumstances.

                          Respectfully Submitted,

                          Plaintiffs
                          By their attorneys,


                          _____
                          Christopher J. Cunio, BBO # 634518
                          COOLEY MANION JONES LLP
                          21 Custom House Street
                          Boston, MA 02110
                          Tel. (617) 737-3100
                          Fax. (617) 737-0374

DATED:  June 1, 2004
125697

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

————————————————————— )
STX FITNESS, LLC AND              )
V FITNESS GROUP, LLC,             )    CIVIL ACTION NO.
dba WORK OUT WORLD                )    04-11020 (MEL)
                                  )
        Plaintiffs,               )
                                  )
v.                                )
                                  )
21ST CENTURY FAMILY               )
FITNESS, INC.                     )
                                  )
        Defendant                 )
————————————————————— )

## AFFIDAVIT OF CHRISTOPHER J. CUNIO

I, Christopher J. Cunio, attorney for the Plaintiffs STX Fitness, LLC and V Fitness Group, LLC, d/b/a Work Out World ("WOW"), hereby depose and state as follows:

1.    I am associated with the law firm of Cooley Manion Jones LLP, and am the attorney of record for the Plaintiffs in the above-captioned action.

2.    I am a member in good standing of the bar of the Commonwealth of Massachusetts and a member of the United States District Court for the District of Massachusetts.

3.    Filed herein is a true and correct copy of the Affidavit of Steve Borghi, which is being filed in support of Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction against the Defendant, 21st Century Family Fitness, Inc. ("21st Century Fitness").

4.    On May 10, 2004, Attorney Kevin M. Reilly placed 21st Century Fitness on notice of its infringing acts and gave Defendant until May 14, 2004 to cease and desist its illegal actions.  21st Century Fitness failed to respond to this letter in any manner, nor did it remove the infringing material from its health clubs. Attached as Exhibit 1 is a true and correct copy of the May 10, 2004 letter from Attorney Reilly to Stephen Trapilo at 21st Century Fitness.

5.    On May 21, 2004, 21st Century Fitness was served with the Complaint in the instant matter, along with a second letter requesting that Defendant cease and desist their infringing actions was served upon the Defendant.  In that letter, I put Defendant on notice that if they failed to remove all infringing signs and material from their health clubs by May 25, 2004, Plaintiffs would obtain an injunction in Federal Court for their continued infringement.  Defendant has not responded to this second notice letter in any manner, nor has it removed any of the infringing signs from its health clubs.  Attached as Exhibit 2 is a true and correct copy of the May 21, 2004 letter from Christopher J. Cunio which was served upon 21st Century Fitness along with the Complaint.

6.    Due to the Defendant's failure to respond to the two cease and desist letters, injury to the Plaintiffs has

become imminent and the undersigned does not have adequate time to attempt to determine the identity of the attorney of the Defendant for purposes of notice.  If further delay is allowed so that Defendant's attorney can be identified and notified, further irreparable injury, loss, and damage will result to the Plaintiffs.

      7.   Attached as Exhibit 3 are true and correct copies of photographs taken of Defendant's infringing signs located at 21st Century Fitness' Worcester location.

      8.   Attached as Exhibit 4 are true and correct copies of photographs taken of Defendant's infringing sign located at 21st Century Fitness' Framingham location.

      9.   Attached as Exhibit 5 is a true and correct copy of the federal trademark registration on "WOW!", number 2,027,940.

      10.  Attached as Exhibit 6 are true and correct copies of photographs taken of Plaintiffs' trademark.

      Signed under the pains and penalties of perjury this 1st day of June, 2004.

125714

_____
Christopher J. Cunio

# EXHIBIT 1

LAW OFFICES
# KEVIN M. REILLY
SEVEN CABOT PLACE
STOUGHTON, MASSACHUSETTS 02072

TEL (781) 341-7313
FAX (781) 341-6965

KEVIN M. REILLY

LISA H. BURCH

LEGAL ASSISTANT
IRMA R. SANDS
ADMINISTRATIVE ASSISTANT
NANCY I. BUCKLEY

May 10, 2004

**VIA CERTIFIED AND FIRST CLASS MAIL**

21st Century Family Fitness, Inc.
Att: Stephen Trapilo, President
412 Washington Street
Norwell, MA  02061

> **Re:   Family Fitness -- Worcester, MA**
> **Family Fitness -- Shrewsbury, MA**

Dear Mr. Trapilo:

This office represents STX Fitness, LLC d/b/a Workout World in connection with certain claims involving the ongoing advertisement of your fitness facilities in Worcester, MA and Shrewsbury, MA.

It is my client's position that your company is infringing upon the trademarked "WOW!" logo of Workout World by utilizing that term in your signage and by copying the layout, design and style of the "WOW!" name in your promotional activities. The use of "WOW!" in this manner is prohibited and is a violation of a recognized corporate trademark.

Please be advised that you have until Friday, May 14, 2004 to change the signage at your facilities so as not to include the term "WOW!" or to in any way use the layout, design or style of the "WOW!" name. If you fail to take prompt remedial action, my client will have no other recourse but to commence legal action in a court of appropriate jurisdiction and seek an order to restrain you from continuing in this manner.

Thank you for your attention to this matter.

Very truly yours,

Kevin M. Reilly

KMR:rk
Cc: STX Fitness, LLC

# EXHIBIT 2

# COOLEY MANION JONES LLP

JON S. BAROOSHIAN
RICHARD M. BURKE
KATHRYN R. COLBURN
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*
JOHN T. HUGO
TRACY A. R. JOLLY
PATRICK T. JONES*
TIMOTHY C. KELLEHER III
HARRY L. MANION III
JOHN B. MANNING*
KENNETH J. MARTIN
KERRI L. MCCOMISKEY
JAIMIE A. MCKEAN
KEITH M. MCLEAN
LISA M. SNYDER
JESSICA A. STACY~
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†

COUNSELLORS AT LAW

21 CUSTOM HOUSE STREET

BOSTON, MASSACHUSETTS 02110-3536

(617) 737-3100

FACSIMILE (617) 737-3113

www.cooleymanionjones.com

PAUL F. BECKWITH
LEONARD T. EVERS
KEVIN M. GLYNN
ARTHUR GRIMALDO II~
FRANK A. MARINELLI*
CHRISTINE M. NORTH^
PETER J. SCHNEIDER*
MELODY M. WILKINSON~
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 029
(401) 273-0800

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE
FORT WORTH, TEXAS 76102
(817) 870-1996

~ADMITTED IN TEXAS ON
*ALSO ADMITTED IN RHODE ISLAN
†ALSO ADMITTED IN CONNECTIC
^ALSO ADMITTED IN CALIFORN

May 21, 2004

**(SERVED WITH COMPLAINT)**

21st Century Family Fitness Center, Inc.
412 Washington Street
Norwell, MA 02061

21st Century Family Fitness Center, Inc.
7 Neponset Street
Worcester, MA 01601

21st Century Family Fitness Center, Inc.
2 California Avenue
Framingham, MA 01701

RE: **STX Fitness, LLC and V Fitness Group, LLC, d/b/a Work Out World v. 21st Century Family Fitness, Inc.**

To Whom It May Concern:

Due to your failure to respond to the cease and desist letter dated May 10, 2004, the Plaintiffs filed this Complaint. By ignoring the cease and desist letter and continuing to use Work Out World's ("WOW") federally registered trademark in an infringing manner, 21st Century Family Fitness is liable to Plaintiffs for, including but not limited to, Plaintiffs' lost profits, Defendants' profits while infringing on Plaintiffs' mark, treble damages due to the intentional nature of the infringement, and attorney's fees and costs.

COOLEY MANION JONES LLP

21st Century Family Fitness Center, Inc.
May 21, 2004
Page 2


        The purpose of this letter is to inform you that if
you fail to remove all infringing signs and material from
all of your locations by Tuesday, May 25, 2004, Plaintiffs
will obtain an injunction in Federal Court from your
continued, blatant and willful infringement.  Please be
advised that nothing in this letter relieves your
obligation to answer the Complaint within the time provided
for by the Federal Rules.

                          Sincerely,

                          Christopher J. Cunio

CJC/jam
Enclosures

# EXHIBIT 3





# EXHIBIT 4



# EXHIBIT 5



724242

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**

**United States Patent and Trademark Office**

**April 28, 2004**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,027,940* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 31, 1996*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *ROMA, STEPHEN P. INDIVIDUAL*
   *A UNITED STATES CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

N. WOODSON
**Certifying Officer**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 2,027,940

Registered Dec. 31, 1996

## SERVICE MARK
### PRINCIPAL REGISTER



WORK OUT WORLD, INC. (NEW JERSEY COR-
  PORATION)
91 DURAND DRIVE
MARLBORO, NJ 07746

   FOR: GYMNASIUMS AND HEALTH CLUBS,
IN CLASS 41 (U.S. CLS. 100, 101 AND 107).
   FIRST    USE    9-1-1995;    IN    COMMERCE
9-1-1995.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "WORK OUT" , APART FROM
THE MARK AS SHOWN.

   SN 74–712,917, FILED 8-9-1995.

JILL C. ALT, EXAMINING ATTORNEY

# EXHIBIT 6





# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STX FITNESS, LLC AND<br>V FITNESS GROUP, LLC,<br>dba WORK OUT WORLD<br><br>    Plaintiffs,<br><br>v.<br><br>21ST CENTURY FAMILY<br>FITNESS, INC.<br><br>    Defendant | CIVIL ACTION NO.<br>04-11020 (MEL) |

## AFFIDAVIT OF STEVE BORGHI

I, Steve Borghi, on oath depose and state:

1.    I am a manger of Plaintiffs STX Fitness, LLC and V Fitness Group.  I submit this affidavit in support of Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction to enjoin Defendant from using Plaintiffs' trademark on its signs, advertisements and promotional materials.

2.    Plaintiffs STX Fitness, LLC and V Fitness Group, LLC, d/b/a Work Out World ("WOW"), own and operate several WOW health clubs in Massachusetts, including locations in Worcester and Waltham.  Other WOW locations in Massachusetts include Norwood, Fall River, Methuen, Medford, Randolph and New Bedford.

3.    Upon information and belief, Defendant 21st
Century Family Fitness Center, Inc. ("21st Century Fitness")
operates health clubs in Shrewsbury, Worcester, Norwell,
Newton and Framingham.

4.    WOW health and fitness centers are operated
across the county and in Japan.  WOW health clubs are
widely known, recognized and referred to by members of the
health club industry as well as the public as "WOW!"

5.    In order to protect the integrity of its trade
name, "WOW!", and to preserve the goodwill associated with
it, Work Out World, Inc.[1] obtained a federal trademark
registration on "WOW!", number 2,027,940.  (attached to
Cunio Affidavit at Exhibit 5).  The service mark is a
distinctively styled rendering of the word "WOW!" and is
used in connection with virtually every aspect of WOW's
business.  WOW Licensing, LLC grants licenses to use and
enforce the mark "WOW!"

6.    Plaintiffs entered into Facility License
Agreements with WOW Licensing, LLC, whereby they were given
a right and license to use the Trademark "WOW!" in
connection with the operation of their WOW health clubs in
Massachusetts.

_____

[1] In 1995, Work Out World, Inc. assigned its rights to the trademark to
Stephen P. Roma, who is now the managing member of WOW Licensing, LLC.

2

7.    Pursuant to the License Agreements, Plaintiffs were also given the right to pursue claims for infringement of the mark "WOW!".

8.    After entering into the License Agreements, Plaintiffs immediately began to use the name and mark WOW! and have continued and expanded upon that use up to the present time.  Since the opening of Plaintiffs' first WOW health club, WOW customers, as well as members of the health club industry and others, have recognized the name and mark "WOW!" as a trade name exclusively identifying WOW health clubs in that they have referred to our clubs simply as "WOW!"

9.    Plaintiffs has expended substantial efforts and hundreds of thousands of dollars in promoting and advertising the "WOW!" mark in newspapers, magazines, billboards and in other promotional materials.  Signs outside of all of Plaintiffs' health clubs, as well as all its advertising and promotional materials, bear the distinctive styled mark "WOW!"

10.    The purpose of our advertising is to generate substantial goodwill within the health club industry and to promote our health clubs as premier fitness centers that offer superior customer service, a large selection of fitness equipment, facilities and programs, and the highest

standards possible for clean and safe facilities and
equipment, all at very competitive prices.

11.  Without Plaintiffs' knowledge and authorization,
21st Century Fitness began knowingly using Plaintiffs'
trademark "WOW!" at its Worcester facility on its signs,
advertisements and promotional material in a manner that is
confusingly similar to the manner in which the mark is used
on the signs, advertisements and promotional material of
the Plaintiffs.  The infringing signs include several large
signs on the front of the Worcester facility.  The signs
include the confusingly similar "WOW!" mark (photographs of
the infringing signs are attached to Cunio Affidavit at
Exhibit 3).  WOW health clubs are in direct competition
with the Worcester 21st Century Fitness.

12.  Without Plaintiffs' knowledge and authorization,
21st Century Fitness began knowingly using Plaintiffs'
trademark "WOW!" at its Framingham facility on its signs,
advertisements and promotional material in a manner that is
confusingly similar to the manner in which the mark is used
on the signs, advertisements and promotional material of
the Plaintiffs.  The infringing material includes a large
sign prominently located on the outside of the building of
the Framingham facility.  The sign includes the confusingly
similar "WOW!" mark (photograph of an infringing sign is

4

attached to Cunio Affidavit at Exhibit 4).  WOW health clubs are in direct competition with the Framingham 21st Century Fitness.

13.  Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Shrewsbury facility on its signs, advertisements and promotional material in a manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs.  The infringing material includes a large sign prominently displayed at the front of the Shrewsbury facility.  The sign includes the confusingly similar "WOW!" mark (see Exhibit 4 attached to Cunio Affidavit for identical sign).  WOW health clubs are in direct competition with the Shrewsbury 21st Century Fitness.

14.  Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Norwell facility on its signs, advertisements and promotional material in a manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs.  Upon information and belief, the infringing material includes a large sign prominently displayed at the front of the Norwell facility, which

includes the confusingly similar "WOW!" mark.  WOW health
clubs are in direct competition with the Norwell 21st
Century Fitness.

   15.  Without Plaintiffs' knowledge and authorization,
21st Century Fitness began knowingly using Plaintiffs'
trademark "WOW!" at its Newton facility on its signs,
advertisements and promotional material in a manner that is
confusingly similar to the manner in which the mark is used
on the signs, advertisements and promotional material of
the Plaintiffs.  Upon information and belief, the
infringing material includes a large sign prominently
displayed at the front of the Newton facility, which
includes the confusingly similar "WOW!" mark.  WOW health
clubs are in direct competition with the Newton 21st Century
Fitness.

   16.  Plaintiffs are concerned that Defendant's use of
the mark "WOW!" on its signs, advertisements and
promotional materials is so similar to Plaintiffs' name and
mark "WOW!" as to likely cause confusion, mistake or
deception as to the source or origin of Defendant's
services in that the public and others are likely to
believe that Defendant's services are provided by, or
sponsored by, or approved by, or licensed by, or affiliated
with or in some other way legitimately connected with WOW,

6

all to Plaintiffs' irreparable harm.  (See photographs of infringing signs, attached to Cunio Affidavit at Exhibits 3 and 4; copy of Plaintiffs' federally registered trademark and photographs of Plaintiffs' trademark, attached to Cunio Affidavit at Exhibits 5 and 6 respectively).

17.  Not only is confusion likely, it has actually occurred.  There have been numerous instances of actual confusion in the recent past among Plaintiffs' customers and others concerning a possible relationship between WOW and Defendant.

18.  Plaintiffs have received no compensation from Defendant for its unauthorized use of Plaintiffs' trademark.

19.  Since Defendant began using the infringing mark on its signs, Plaintiffs sales have decreased between twenty-five (25%) and thirty-three (33%) percent.

20.  21st Century Fitness has caused, and unless immediately restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' registered mark.

Signed under the pains and penalties of perjury this 1st day of June, 2004.

125713

Steve Borghi

7

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
_____
                                )
STX FITNESS, LLC AND            )
V FITNESS GROUP, LLC,           )    CIVIL ACTION NO.
dba WORK OUT WORLD              )    04-11020 (MEL)
                                )
       Plaintiffs,              )
                                )
v.                              )
                                )
21ST CENTURY FAMILY             )
FITNESS, INC.                   )
                                )
       Defendant                )
_____ )
```

**AFFIDAVIT OF JAIMIE A. MCKEAN**

I, Jaimie A. McKean hereby depose and state as follows:

1.    I am associated with the law firm of Cooley Manion Jones LLP.  I am a member in good standing of the bar of the Commonwealth of Massachusetts.

2.    This Declaration is submitted in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction.

3.    On May 7, 2004, as part of an investigation which I was conducting, I went to the 21st Century Family Fitness Center ("21st Century Fitness") located in the Greendale Mall in Worcester, Massachusetts to take photographs of the infringing signs and to view any other infringing material.

4.    As part of my investigation and in order to obtain infringing material, I entered the Defendant's Worcester

facility and spoke with the woman at the front counter.  I
informed her that I was interested in getting some information
about joining.  When she told me that 21st Century Fitness has
several locations, I asked her if they had a location in the
Worcester Common Outlet Mall (Work Out World ("WOW") has a
location there).  She said "Oh no, that's WOW."  I told her that
when I saw their sign out front that I thought the 2 were
affiliated.  She told me that a number of people have been
confused.

5.    I was then given a tour of the facility by a man named
Jim, who said he was the "area manager and ran all the stores."
At one point I told Jim that when I first saw 21st Century
Fitness' ads and signs, I thought they were affiliated with WOW.
He told me a lot of people think that and that was because of
the way he designed his signs.  He said he intentionally put the
word "WOW!" in big letters on his signs.

6.    Jim also showed me WOW flyers that he had in his
possession that contained Plaintiffs' "WOW!" trademark.


Signed under the pains and penalties of perjury this  1st
day of June, 2004.

Jaimie A. McKean

Jaimie A. McKean

125761

2

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |
|---|---|
| STX FITNESS, LLC AND | ) |
| V FITNESS GROUP, LLC, | ) |
| d/b/a WORK OUT WORLD | ) |
|  | ) |
|     Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| 21ST CENTURY FAMILY | ) |
| FITNESS, INC. | ) |
|  | ) |
|     Defendant | ) |

_____

**COMPLAINT**

1.   This is an action for trademark infringement and
unfair competition under the Trademark Act of 1946, as
amended (The Lanham Act, 15 U.S.C. § 1051 et seq.) and
related causes of actions under the laws of the
Commonwealth of Massachusetts arising from the use by
Defendant of the Plaintiffs' Federally Registered trademark
"WOW!"  Defendant is wrongfully using Plaintiffs' mark on
its signs, advertisements and promotional materials for the
sole purpose of deceiving health club consumers into
believing that Defendant's business is affiliated with
Plaintiffs' health clubs.  Defendant's unauthorized use of
Plaintiffs' mark on its signs, advertisements and
promotional materials constitutes trademark infringement,

misappropriation of Plaintiffs' goodwill, and unfair competition under the Lanham Act and its local counterpart.

### **THE PARTIES**

2.    Plaintiffs STX Fitness, LLC and V Fitness Group, LLC, d/b/a Work Out World ("WOW"), are Massachusetts business organizations with principal places of business at 102 York Road, Mansfield, Massachusetts 02048.

3.    Plaintiffs own and operate several WOW health clubs in Massachusetts, including locations in Worcester and Waltham.  Other WOW locations in Massachusetts include Norwood, Fall River, Methuen, Medford, Randolph and New Bedford.

4.    Defendant 21st Century Family Fitness Center, Inc. ("21st Century Fitness") is a Massachusetts corporation with a principal place of business at 412 Washington Street, Norwell, Massachusetts 02061.  Upon information and belief, 21st Century Fitness operates health clubs in Shrewsbury, Worcester, Norwell, Newton and Framingham.

### **JURISDICTION AND VENUE**

5.    This is a civil action for injunctive relief and damages pursuant to the Lanham Act, 15 U.S.C. § 1051 <u>et seq.</u>, and the laws of the Commonwealth of Massachusetts.

6.    This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1114 and § 1125 and 28 U.S.C. § 1331.

7.    This Court has personal jurisdiction over Defendant because it is a Massachusetts corporation doing business in Massachusetts.

8.    Venue is proper under 28 U.S.C. § 1391(a).

### FACTS COMMON TO ALL COUNTS

9.    WOW health and fitness centers are operated across the county and in Japan.  Through its superb reputation, WOW has become well known by the general public and among persons engaged in or familiar with fitness centers.

10.    Owners of WOW health clubs aggressively promote WOW's name and mark through a number of mediums including print advertising and WOW's internet site.  WOW health clubs are widely known, recognized and referred to by members of the health club industry as well as the public as "WOW!"

11.    In order to protect the integrity of its trade name, "WOW!", and to preserve the goodwill associated with it, Work Out World, Inc.[1] obtained a federal trademark registration on "WOW!", number 2,027,940.  (A copy of the

_____

[1] In 1995, Work Out World, Inc. assigned its rights to the trademark to Stephen P. Roma, who is now the managing member of WOW Licensing, LLC.

3

registration is attached hereto as Exhibit A).  The service
mark is a distinctively styled rendering of the word "WOW!"
and is used in connection with virtually every aspect of
WOW's business.  WOW Licensing, LLC grants licenses to use
and enforce the mark "WOW!"

12.  Plaintiffs entered into Facility License
Agreements with WOW Licensing, LLC, whereby they were given
a right and license to use the Trademark "WOW!" in
connection with the operation of their WOW health clubs in
Massachusetts.

13.  Pursuant to the License Agreements, Plaintiffs
were also given the right to pursue claims for infringement
of the mark "WOW!".

14.  After entering into the License Agreements,
Plaintiffs immediately began to use the name and mark WOW!
and have continued and expanded upon that use up to the
present time.  Since long prior to the acts complained of
herein, members of the health club industry, as well as
consumers throughout Massachusetts, have recognized the
name and mark "WOW!" as a trade name exclusively
identifying WOW health clubs and as a service mark and
trademark designating services or products of the highest
quality originating exclusively from WOW health clubs.

15.  Plaintiffs has expended substantial efforts and hundreds of thousands of dollars in promoting and advertising the "WOW!" mark in newspapers, magazines, billboards and in other promotional materials.  Signs outside of all of Plaintiffs' health clubs, as well as all its advertising and promotional materials, bear the distinctive styled mark "WOW!"

16.  Plaintiffs have generated substantial goodwill within the industry because their health clubs are premier fitness centers that offer superior customer service, a large selection of fitness equipment, facilities and programs, and the highest standards possible for clean and safe facilities and equipment, all at very competitive prices.

17.  Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Worcester facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs.  The infringing signs include several large signs on the front of the Worcester facility.  The signs include the confusingly similar "WOW!" mark (photographs of the infringing signs are attached hereto as Exhibit B).

The Worcester facility is in direct competition with WOW health clubs.  Defendant's use of the mark "WOW!" at its Worcester facility infringes upon and violates the rights of the Plaintiffs in the name and mark "WOW!"

18.  Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Framingham facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used on the signs, advertisements and promotional material of the Plaintiffs.  The infringing material includes a large sign prominently located on the outside of the building of the Framingham facility.  The sign includes the confusingly similar "WOW!" mark (photograph of an infringing sign is attached hereto as Exhibit C).  The Framingham facility is in direct competition with WOW health clubs.  Defendant's use of the mark "WOW!" at its Framingham facility infringes upon and violates the rights of the Plaintiffs in the name and mark "WOW!"

19.  Without Plaintiffs' knowledge and authorization, 21st Century Fitness began knowingly using Plaintiffs' trademark "WOW!" at its Shrewsbury facility on its signs, advertisements and promotional material in manner that is confusingly similar to the manner in which the mark is used

on the signs, advertisements and promotional material of
the Plaintiffs.  The infringing material includes a large
sign prominently displayed at the front of the Shrewsbury
facility.  The sign includes the confusingly similar "WOW!"
mark (see Exhibit C for identical sign).  The Shrewsbury
facility is in direct competition with WOW health clubs.
Defendant's use of the mark "WOW!" at its Shrewsbury
facility infringes upon and violates the rights of the
Plaintiffs in the name and mark "WOW!"

    20.  Without Plaintiffs' knowledge and authorization,
21st Century Fitness began knowingly using Plaintiffs'
trademark "WOW!" at its Newton facility on its signs,
advertisements and promotional material in manner that is
confusingly similar to the manner in which the mark is used
on the signs, advertisements and promotional material of
the Plaintiffs.  Upon information and belief, the
infringing material includes a large sign prominently
displayed at the front of the Newton facility, which
includes the confusingly similar "WOW!" mark.  The Newton
facility is in direct competition with WOW health clubs.
Defendant's use of the mark "WOW!" at its Newton facility
infringes upon and violates the rights of the Plaintiffs in
the name and mark "WOW!"

21.  Upon information and belief, 21st Century Fitness adopted the mark "WOW!" at its locations in Worcester, Framingham, Shrewsbury, Norwell and Newton with full knowledge of Plaintiffs' ownership of the name and mark "WOW!" and with the intention of misappropriating Plaintiffs' goodwill and confusing the consuming public.

22.  Upon information and belief, James A. Hart, the Senior Vice President of Sales and Marketing of 21st Century Fitness, was directly involved in the infringing acts mentioned herein and adopted the mark "WOW!" on all of Defendant's promotional materials with full knowledge of Plaintiffs' ownership of the name and mark "WOW!" and with the intention of trading on the goodwill built up by Plaintiffs therein.

23.  As a result of Defendant's infringing conduct, Plaintiff has sustained substantial lost profits.

### COUNT I
### Trademark Infringement
### 15 U.S.C. §1114(1); Section 32 Lanham Act

24.  The allegations contained in paragraphs 1 through 23 are incorporated by reference herein.

25.  Plaintiffs' and Defendant's services are similar and move through similar channels of trade to similar classes of consumers and Plaintiffs and Defendant are in competition with respect to those services.

8

26.   Defendant's use of the mark "WOW!" on its signs, advertisements and promotional materials is so similar to Plaintiffs' name and mark "WOW!" as to likely cause confusion, mistake or deception as to the source or origin of Defendant's services in that the public and others are likely to believe that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW, all to Plaintiffs' irreparable harm.

27.   Not only is confusion likely, it has actually occurred.   There have been numerous instances of actual confusion in the recent past among Plaintiffs' customers and others concerning a possible relationship between WOW and Defendant.

28.   Upon information and belief, 21st Century Fitness, by its acts, has willfully and knowingly violated and infringed and threaten to further infringe the rights of Plaintiffs in their federally registered mark "WOW!" in violation of § 32 of The Lanham Act (15 U.S.C. § 1114) with the intention of deceiving and misleading the fitness community and public at large, and of wrongfully trading on the goodwill and reputation of WOW.

29.   Upon information and belief, 21st Century Fitness is profiting from its unauthorized use of Plaintiffs'

trademarked name.  Plaintiffs receive no compensation from Defendant.

30.  Upon information and belief, by its tortious acts, 21st Century Fitness has caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' registered mark.

31.  Plaintiffs have no adequate remedy at law.

### COUNT II
### Unfair Competition
### 15 USC § 1125(a); Section 43(a) the Lanham Act

32.  The allegations contained in paragraphs 1 through 31 are incorporated by reference herein.

33.  Defendant's unauthorized use of Plaintiffs' mark in its advertisement, which deceives WOW customers and others into believing that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW health clubs, is an unfair and deceptive trade practice.

34.  It is also an unfair and deceptive trade practice for 21st Century Fitness to use the Plaintiffs' mark on its signs, advertisements and promotional materials to misappropriate Plaintiffs' good will.

35.  21st Century Fitness is profiting by using Plaintiffs' trademark, name recognition, and goodwill without Plaintiffs' authorization and without Plaintiffs receiving any compensation.

36.  By its tortious acts, Defendant has caused, and unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiffs' registered mark.

37.  Plaintiffs have no adequate remedy at law.

## COUNT III
## Dilution under M.G.L. C. 110B

38.  The allegations contained in paragraphs 1 through 37 are incorporated by reference herein.

39.  Defendant's conduct described herein constitutes trademark dilution and has damaged Plaintiffs' business reputation in violation of M.G.L. c. 110B, § 12 (the Massachusetts Trademark Statute).

40.  As a result of this conduct, Plaintiffs have suffered and will continue to suffer irreparable harm until Defendant is prevented from using Plaintiffs' mark and all infringing conduct is ceased through the issuance of an injunction.

41.  Plaintiffs have no adequate remedy at law.

<u>COUNT IV</u>
<u>Unfair Violations of M.G.L. C. 93A §11</u>

42.   The allegations contained in paragraphs 1 through 41 are incorporated by reference herein.

43.   At all relevant times hereto 21st Century Fitness was engaged in trade or commerce.

44.   Defendant's conduct, including its unauthorized, intentional use of Plaintiffs' mark in its advertisement, which deceives WOW customers and others into believing that Defendant's services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with WOW health clubs, constitutes unfair violations of G.L. c. 93A, §11.

45.   In addition it is also an unfair and deceptive trade practice for Defendant to use the Plaintiffs' mark on its signs, advertisements and promotional materials to misappropriate Plaintiffs' good will.

46.   21st Century Fitness' conduct, including its unauthorized, intentional use of the mark "WOW!" on its signs, advertisements and promotional materials with full knowledge of Plaintiffs' ownership of the name and mark "WOW!" and with the intention of misappropriating Plaintiffs' goodwill, constitutes willful and knowing violations of G.L. c. 93A, §11.

47.   21st Century Fitness also willfully and knowingly
violated G.L. c. 93A, §11 by using the name and mark "WOW!"
with the intention of deceiving consumers into believing
that Defendant's services are provided by, or sponsored by,
or approved by, or licensed by, or affiliated with or in
some other way legitimately connected with WOW health
clubs.

48.   Defendant is profiting by using Plaintiffs'
trademark, name recognition, and goodwill without
Plaintiffs' authorization and without Plaintiffs receiving
any compensation.

49.   As a result of 21st Century Fitness' unfair and
deceptive acts and practices, the Plaintiffs have suffered
a loss of money and property, including substantial lost
profits.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment from this
honorable Court as follows:

1.   That the Defendant, their officers, agents,
servants, affiliates, employees, attorneys and
representatives and all those in privity or acting in
concert with, or on behalf of, Defendant, and each and all
of them, be preliminarily and permanently enjoined and
restrained from directly or indirectly:

a.    using "WOW!" or any other name or mark similar to Plaintiffs' mark "WOW!" in connection with the advertising, promotion, offering or performance of health club services or the production of related publications;

b.    holding themselves out as the owners of, or otherwise authorized to use the name and mark "WOW!" in connection with health club services;

c.    performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or otherwise mislead the trade or public into believing that WOW and Defendant are one and the same or are in some way connected, or that WOW is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of WOW, or that the services of Defendant originate with WOW or are conducted or offered with the approval, consent or authorization, or under the supervision of WOW, or are likely in any way to lead the trade or the public to associate Defendant with WOW;

d.    using any words, names, styles, titles or marks which create a likelihood of injury to the

14

business reputation of Plaintiffs, or likelihood of

dilution of Plaintiffs' name and mark, "WOW!", and the

goodwill associated therewith;

     e.   using any trade practices whatsoever

including those complained of herein, which tend to

unfairly compete with or injure Plaintiffs' business

and the goodwill appertaining thereto.

     2.   That judgment be entered on Counts I-IV for the

Plaintiffs.

     3.   That Defendant be required to pay to Plaintiffs

compensatory damages for the injuries sustained by

Plaintiffs in consequence of the acts herein complained of

and that such damages be trebled because of the willful

acts described herein in disregard of Plaintiffs' known

rights as aforesaid.

     4.   That Defendant be required to account for and pay

over to Plaintiffs as gains, profits and advantages since

engaging in the infringing conduct.

     5.   That Defendant be required to deliver up for

destruction all stationery, signs, advertisements,

brochures, promotional materials and other written material

which bear the name and mark "WOW!" or any other name or

mark confusingly similar to Plaintiffs' "WOW!" mark with

all plates, molds, matrices and other means and materials for making or reproducing same.

6.    That Defendant be required to pay to Plaintiffs all their litigation expenses including reasonable attorneys' fees and the costs, including expert fees, of this action

7.    That Plaintiffs have other and further relief as this Honorable Court considers just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

                              Plaintiffs
                              By their attorneys,


                              Christopher J. Cunio, BBO # 634518
                              COOLEY MANION JONES LLP
                              21 Custom House Street
                              Boston, MA 02110
                              Tel. (617) 737-3100
                              Fax. (617) 737-0374

DATED:  May 20, 2004

124833